## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH ARIEMMA, | ) |
| | )     **CASE NO. 1:07-CV-1300** |
| Plaintiff, | ) |
| | ) |
| vs. | )     **JUDGE CHRISTOPHER A. BOYKO** |
| | ) |
| COOK COMPOSITES AND | ) |
| POLYMERS, INC., | ) |
| | ) |
| Defendant. | ) |

### CONFIDENTIALITY ORDER

The parties have moved for entry of a protective order, whereby the parties have agreed

to produce certain confidential business records and other confidential information, subject to the

terms of an appropriate confidentiality order. Specifically, the confidential documents and/or

information referenced below may contain information about trade secrets, confidential, or

proprietary information. These documents may include, but are not specifically limited to, the

documents containing the following types of confidential information:

1.  Defendant's management and organizational structure information;

2.  Defendant's past and/or current financial status;

3.  Defendant's personal and highly confidential information about past or present

     agents, customers, and employees;

4.  Plaintiff's employment information;

{K0359353.1}                                1

5.      Plaintiff's past and/or current financial and/or tax information.

Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order

limiting the disclosure and use of information and documents for good cause. Good cause exists

for the issuance of a Confidentiality and Protective Order here because limiting the disclosure

and use of information would protect the confidential nature of proprietary and confidential

business information, and confidential information regarding the Plaintiff, Defendant, and third

parties, including but not limited to financial information. Hence, the Court finds that if the

parties are given the above-described information and/or documentation, their ability to

prosecute this action and/or defend this action would not be unreasonably limited by entry of this

Confidentiality Order.

**IT IS HEREBY ORDERED THAT:**

1.      The Court finds that the release of this information and/or documentation to

parties outside this litigation could result in wrongful disclosure of Plaintiff's, Defendant's, and

third parties' confidential/proprietary business information. The parties have a reasonable

expectation of confidentiality with regard to their confidential/proprietary business information,

including but not limited to certain financial information.

2.      Confidential treatment as provided below may be claimed by either party for

documents and information and any portion or summary thereof produced by that party to the

other party falling into the categories listed above during pretrial discovery in this lawsuit.

The party claiming a document or information is confidential shall mark

"CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" on the face of any

document the party believes should be treated as confidential pursuant to this Order. If a party

designates any documents as "confidential" or "confidential attorney eyes only" that the

opposing party believes should not be treated as "confidential" or "confidential attorney eyes only" then the opposing party shall so notify the party making the "confidential" or "confidential attorney eyes only" designation in writing. Within ten (10) days of service of such notification, the party claiming such confidentiality shall file a motion seeking the Court's ruling as to the status of the documents at issue or else the classification of such confidentiality for said documents shall be deemed automatically withdrawn. The documents at issue shall be treated as "confidential" or "confidential attorney eyes only" until the end of the tenth (10th) day after service of notification or, if a motion is filed, then until otherwise ordered by the Court.

3.    In the event that either party's counsel desires to copy all or any portion of any documents being produced in response to a request for production, that have been designated as confidential, said document shall be disclosed only to the parties and counsel of record and their clerical personnel. If either party's counsel desires to copy all or any portion of any document being produced by the opposing party, designated as confidential and marked "CONFIDENTIAL – ATTORNEY EYES ONLY" on the face of the document, then said document shall be disclosed only to the party's counsel in this action and their clerical personnel. Provided, however, that any confidential documents and information may also be disclosed to other persons whose assistance is, in counsel's sole and exclusive opinion, necessary in conducting this litigation, upon that other person's agreement to abide by the terms of this Confidentiality Order. Counsel shall also provide a copy of this Order to the person or persons to whom confidential information is disclosed. Counsel shall not otherwise offer or permit disclosure of any confidential document, its contents, or any portion or summary thereof, except in accordance with paragraphs (4) and (5) herein.

4.    Persons having knowledge of confidential documents and information by virtue of

their participation in the conduct of this litigation shall use them for the sole purpose of pursuing this litigation and shall not disclose such confidential documents, their contents or any portion or summary thereof to any person or persons not involved in the conduct of the litigation.

5.    Counsel shall not unnecessarily disclose information contained in confidential documents on the public record of this proceeding or in written arguments or memoranda submitted to the Court. Counsel shall have the right to use any information contained in confidential documents, and/or any confidential documents, during the actual trial of this cause of action, as said counsel deems necessary. By signing this agreement, however, the parties do not waive any right to object at trial to the admissibility of any document or portion thereof, or the right to file a motion in limine regarding the use at trial of any document or portion thereof.

6.    Counsel shall have the right to file or deposit with the Court any confidential documents at any time for any reason. In the event that confidential documents falling into the categories listed above, including any portion or summary thereof or portions of deposition transcripts designated confidential, are filed or otherwise deposited with the Court, they shall be filed in an envelope bearing the following designation when deposited:


CONFIDENTIAL

IN ACCORDANCE WITH THE AGREEMENT BETWEEN THE PARTIES THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE, TO PERSONS ASSISTING THOSE ATTORNEYS, THE COURT ITSELF, AND PERSONNEL WORKING FOR THE COURT.

7.     Within ninety (90) days of final adjudication, including but not limited to final

adjudication of any appeals or petitions for extraordinary writs, all copies of confidential

documents in the actual or constructive custody of a party shall be returned to the producing

party and counsel shall certify that all such documents and copies have been so returned.

Date: _____8/18/07_____

_Christopher A Boyko_

United States Judge

FILED

AUG 1 8 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

Agreed to in form and substance:

_____

Kimberly A. Jones (Mo Bar No. 46688)
kjones@blackwellsanders.com
Tracy M. Gullickson (Mo Bar No. 56996)
tgullickson@blackwellsanders.com
BLACKWELL SANDERS LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Tel:  (816) 983-8000
Fax:  (816) 983-8080

And

Charna E. Sherman (0045862)
cesherman@ssd.com
Amy L. Cadle (0075510)
acadle@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114-1304
Tel:  (216) 479-8500
Fax:  (216) 479-8780

**Attorneys for Defendant**
**Cook Composite and Polymers Co.**

{K0359353.1}                                          5